E-FILED  2021 JAN 04 1:17 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **MIRANDA NICOLAI,** | |
| **Plaintiff,** | **Case No.** LACL149520 |
| **vs.** | |
| **LUKE HASTIE; CHAD NICOLINO; DANA WINGERT; and CITY OF DES MOINES, IOWA,** | **ORIGINAL NOTICE** |
| **Defendants.** | |

**TO THE ABOVE-NAMED DEFENDANT:**

You are notified that a petition has been filed in the office of the clerk of this court naming you as a defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The law firm representing the Plaintiff is The Law Offices of Benjamin K. Lynch, PLC located at 8550 Hickman Road, Clive, Iowa 50325. That firm's phone number is (515) 276-3921 and facsimile number is (515) 276-2634.

You must serve a motion or answer within twenty (20) days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

Please be advised that this case has been filed in a county that utilizes electronic filing. For general rules and information regarding electronic filing requirements, including rules regarding the protection of personal information in court filings, consult Iowa Court Rules Chapter 16.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394. If you are hearing impaired, call Relay Iowa TTY at (800) 735-2942.

### IMPORTANT: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS



E-FILED  2021 JAN 06 7:21 AM POLK - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACL149520

*County* Polk

*Case Title* MIRANDA NICOLAI V CITY OF DES MOINES

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:** http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 01/06/2021 07:21:19 AM



*District Clerk of* Polk          *County*

/s/ Christy Wagner

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **MIRANDA NICOLAI,** | |
| **Plaintiff,** | **Case No.** LACL149520 |
| **vs.** | |
| **LUKE HASTIE; CHAD NICOLINO; DANA WINGERT; and CITY OF DES MOINES, IOWA,** | **PETITION AT LAW and JURY DEMAND** |
| **Defendants.** | |

**COME NOWS** the Plaintiff, Miranda Nicolai, by and through her attorney, Benjamin K. Lynch, and for her causes of action, respectfully states the following:

### PARTIES

1.      Plaintiff Miranda Nicolai was a resident of Monroe County, Iowa at all times relevant to the events complained of herein.

2.      Defendant Luke Hastie is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the City of Des Moines Police Department. At all times material hereto, the actions and omissions of Defendant Luke Hastie were made under the color of authority and law as a law enforcement officer for the Des Moines, Iowa Police Department. He is sued in his official and individual capacities.

3.      Defendant Chad Nicolino is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the City of Des Moines Police Department. At all times material hereto, the actions and omissions of Chad Nicolino were made under the color of authority and law as a law enforcement officer for the Des Moines, Iowa Police Department. He is sued in his official and individual capacities.

4.      Defendant Dana Wingert is believed to be a citizen and resident of Iowa and was

employed as the Chief of Police of the City of Des Moines Police Department. At all times material hereto, Defendant Wingert's actions and/or omissions were made under the color of authority as the Chief of Police. He is sued in his official and individual capacities.

5.      Defendant City of Des Moines, Iowa is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 400 East First Street, Des Moines, Polk County, Iowa. Defendant City is responsible for maintaining and operating the Des Moines Police Department.

## JURISDICTION AND VENUE

6.      Venue is proper in the District Court for Polk County pursuant to Iowa Code § 669.4(1) as the district in which Plaintiff resides and/or in which the acts and omissions complained of occurred.

7.      Subject matter jurisdiction of the District Court for Polk County is proper pursuant to Iowa Code § 602.6101.

8.      The amount in controversy exceeds the jurisdictional amount.

## GENERAL FACTUAL ALLEGATIONS

9.      The disproportionate and excessive use of force against Black individuals by police officers in the United States is a well-documented, systemic problem. There is a more general, but equally troubling, problem with disproportionate law enforcement against Black individuals.

10.     Iowa—and Des Moines specifically—are not immune to these problems, which have been extensively documented by local news media.

11.     On Monday, May 25, 2020, a Minneapolis police officer brutally murdered George Floyd, an unarmed and non-resisting Black man, by kneeling on his neck for at least eight minutes and forty-six seconds, while other police stood by and allowed it to happen.

E-FILED  2021 JAN 04 1:17 PM POLK - CLERK OF DISTRICT COURT

12.     In the aftermath of Mr. Floyd's murder, hundreds of thousands of people assembled throughout the United States to protest police brutality and systemic racism.

13.     Ms. Nicolai participated in one such protest the evening of May 30, 2020.

14.     Ms. Nicolai assembled downtown near East 1st Street and Court Avenue in downtown Des Moines, Iowa at approximately 8:00pm

15.     At approximately the same time, Ms. Nicolai observed police purposefully corner and mace a protestor without warning or justification.

16.     Shortly thereafter, police drove through the assembly, and would have ran over Ms. Nicolai had she not jumped out of the way

17.     At approximately 10:00pm Ms. Nicolai marched with local citizens to the State Capitol which was occupied by police in riot gear.

18.     Though the group of the protesters at the Capitol were peacefully protesting and not engaged in any illegal activity, police deployed multiple canisters of tear gas into the crowd.

19.     Ms. Nicolai was affected by the tear gas, which burned her eyes, and she needed assistance from on-site medics in rinsing them out.

20.     Ms. Nicolai observed police pepper-spraying individuals who were violating no laws, were not being violent or threatening, and who were not assembled with others who may have been breaking the law.

21.     The group continued their peaceful demonstration from the State Capital to Court Avenue in Downtown Des Moines, Iowa at approximately 11:30pm. The scene remained peaceful until approximately 2:37 a.m. when dozens of police arrived on Court Avenue in response to individuals who were breaking into Hy-Vee.

22.     Ms. Nicolai immediately decided to leave downtown and head home.

23.     Ms. Nicolai was not near Hy-Vee or associated with any of the individuals were vandalizing it.

24.     Upon information and belief, when police arrived, the individuals who were breaking into Hy-Vee immediately dispersed.

25.     By this time, there were no individuals unlawfully assembled near the Court Avenue bar area.

26.     As Ms. Nicolai attempted to leave, approximately twenty police officers purposefully entrapped Ms. Nicolai and approximately ten other individuals in an alley.

27.     Upon information and belief, none of those approximately twenty officers had their body camera activated, in violation of Des Moines Police Department policy.

28.     Law enforcement from both exits of the alley were shouting contradictory commands including "disperse" and "stop" while others began charging her.

29.     As Ms. Nicolai began to disperse as directed, an unidentified police officer sprayed mace at and violently tackled her.

30.     Ms. Nicolai immediately experienced severe pain in her hip and shoulder.

31.     Ms. Nicolai was violating no laws.

32.     Ms. Nicolai was not being violent or threatening.

33.     Ms. Nicolai was not assembled with any persons who were acting in a violent manner.

34.     Ms. Nicolai was not in the immediate vicinity of a riot or an unlawful assembly.

35.     There was no probable cause to arrest Ms. Nicolai for any crime.

36.     Ms. Nicolai was not resisting and repeatedly stated, "I am not resisting" and "please don't shoot."

E-FILED  2021 JAN 04 1:17 PM POLK - CLERK OF DISTRICT COURT

37.     One of the unidentified law enforcement officers smashed his knee into Ms. Nicolai's back, neck, and face as she laid on the ground similar to the nature of the arrest in the murder of George Floyd.

38.     Shortly thereafter, Ms. Nicolai's wrists were bound together with zip-ties for several hours resulting in lacerations and bruising.

39.     Ms. Nicolai was ordered to sit on a curb nearby for several hours in zip ties without a coat or blanket in 51°F degree weather as she pleaded for medical attention.

40.     Several hours later, the zip ties were removed when she was loaded into the paddy wagon.

41.     The handcuffs were locked in a position that was too tight and caused pain to her wrists and hands.

42.     Ms. Nicolai was detained in the paddy wagon for several additional hours with other detainees who pleaded with law enforcement officers to render medical attention to Ms. Nicolai.

43.     Ms. Nicolai was eventually booked into the Polk County Jail at approximately 8:00am, over five hours after her arrest.

44.     Although Ms. Nicolai was promised a sling for her arm by jail staff, it was never provided.

45.     Upon information and belief, Ms. Nicolai was assaulted and arrested in retaliation for her association with the protests.

46.     The force used to detain Ms. Nicolai was excessive and in violation of Des Moines Police Department policy and Iowa law.

47.     Upon information and belief, an Arrest Incident Report was not completed detailing

the police department's use of force or arrest, which is a violation of Des Moines Police Department policy.

48. The officers committed the crime of assault against Ms. Nicolai.

49. The officers have not been criminally charged for their assault of Ms. Nicolai.

50. Upon information and belief, several other police witnessed the use of excessive force against Ms. Nicolai.

51. Upon information and belief, none of the police who witnessed the assault of Ms. Nicolai reported the incident to the Police Department Office of Professional Standards for discipline.

52. Ms. Nicolai's face, hair, and arms were soaked with pepper spray.

53. Ms. Nicolai's eyes burned severely from the repeated pepper-spraying.

54. Ms. Nicolai cried and begged to have her eyes rinsed out. The officers did not rinse her eyes out.

55. Ms. Nicolai suffered severe shoulder pain, hip pain, bruising, and burning as a result of being pepper-sprayed, slammed to the ground, beaten, and zip-tied by the officers.

56. Ms. Nicolai was initially booked on Felony 2nd Degree Criminal Mischief and three other misdemeanor charges.

57. Upon information and belief, law enforcement was overheard questioning the decision of felony charges as being unfounded, but agreed they were necessary to "keep them in jail so they couldn't keep protesting."

58. Ms. Nicolai spent two days in the Polk County Jail.

59. For reasons unknown to Ms. Nicolai, the State did not pursue the Felony charge but did initiate prosecution against her for Participating in a Riot, Unlawful Assembly, and Failure to

Disperse.

60. The undersigned entered an appearance on behalf of Ms. Nicolai and immediately requested all discovery relevant to the arrest[1].

61. The request for discovery was approved by the judge presiding over the case.

62. The State refused to provide discovery to the undersigned, despite being ordered to do so.

63. All three charges were ultimately dismissed by the State for the following reason:

> *The Polk County Attorney, after examining the records, talking to the witnesses, and taking all other factors into consideration, declines to prosecute this case in the interest of justice. This is a riot related crime wherein group conduct created mass confusion. Police quelled the unrest with arrests, but chaos prevented timely documentation of individual acts prompting arrests. Police are reviewing footage from body cameras, in-car cameras, and security cameras, to create that documentation, but given the number of arrests, they have been unable to sufficiently document this defendant's actions for charges to go forward at this time.*

64. Although the charges were dismissed, the undersigned requested that the State release the discovery materials. The prosecutor declined to do so stating "there is no need."

65. The undersigned has filed a Motion to Compel the production of the discovery which has not been ruled on as of the date of this filing.

66. There was no probable cause to charge Ms. Nicolai with 2nd Degree Criminal Mischief, Participating in a Riot, Unlawful Assembly, and Failure to Disperse.

67. Because of Defendants' actions, Ms. Nicolai was afraid to attend protests.

68. Des Moines Police officers have a pattern of using excessive force against individuals they believe are affiliated with protests and charging those individuals without probable cause.

---

[1] body camera footage, dash cam footage, security footage, booking photos, witness statements, etc.

69.     Specifically, Des Moines Police officers pepper-sprayed, assaulted, and criminally charged many other people the evening of May 30, 2020 and in the early morning hours of May 31, 2020 who were not violating any laws or acting in a violent or threatening manner.

70.     Des Moines Police officers pepper-sprayed a young woman, Essence Welch, the evening of May 30, 2020. Ms. Welch was not violating any laws or acting in a violent or threatening manner. Ms. Welch was recording law enforcement's activities at a protest.

71.     Des Moines Police officers pepper-sprayed and tackled a young man, Trent Schwab, in the early morning hours of May 31, 2020. Mr. Schwab likewise was not violating any laws or acting in a violent or threatening manner. Des Moines Police officers charged Mr. Schwab with several crimes for which there was no probable cause.

72.     Several of the people who were pepper-sprayed by Des Moines Police officers in the early morning hours of May 31, 2020 were cowering from law enforcement at the time they were assaulted. The officers who sprayed those individuals did not attempt to arrest them.

73.     A Des Moines Police officer kicked a man who was not violating any laws or acting in a violent or threatening manner. The man was cowering on the ground at the time the officer kicked him. A second Defendant Police officer struck that same man with a baton. The officers were not using force for any legitimate purpose; they did not even attempt to arrest the man.

74.     A Des Moines Police officer pepper-sprayed a man who was not violating any laws or acting in a violent or threatening manner, causing the man to fall face-down into the street in pain. The officer was not using force for any legitimate purpose; he did not even attempt to arrest the man. At least eleven other officers observed the officer unnecessarily pepper-spray the man and did nothing to help the man as he laid in the street.

75.     Des Moines Police illegally arrested over forty other individuals in the early

morning hours of May 31, 2020 and falsely charged them with protest-related crimes.

76.    Des Moines Police forced members of the media to leave the downtown area so they could not observe and report the misdeeds of law enforcement.

77.    Des Moines Police officers pepper-sprayed, tackled, and falsely charged a photographer on June 2, 2020, Mark Nieters, who clearly identified himself as media and was not violating any laws or acting in a violent or threatening manner.

78.    Des Moines Police have intentionally and indiscriminately attacked neutral members of the press and legal observers on several occasions. This conduct has intimidated journalists and neutrals and reduced the number of media and observers willing to attend protests and to stay to document and observe the protests.

79.    Des Moines Police officers pepper-sprayed and arrested a Des Moines Register reporter, Andrea Sahouri, who was covering the protests near Merle Hay Mall on May 31, 2020. Ms. Sahouri advised the officers that she was working as a reporter. The officers arrested her, regardless.

80.    Approximately twelve Des Moines Police officers arrested three individuals at gunpoint outside the Blazing Saddle on June 2, 2020 who were not violating any laws or acting in a violent or threatening manner. Those officers then proceeded to raid the Blazing Saddle.

81.    Des Moines Police officers pepper-sprayed a Des Moines Register reporter, Katie Akin, who was complying with commands to disperse on June 1, 2020. Ms. Akin was not in the group with the protesters but was observing the protests from yards away. Ms. Akin was holding up her press badge and shouting that she was with the press at the time she was pepper-sprayed.

82.    It is clearly established that it is unconstitutional for law enforcement to use chemical spray when an individual has broken no law and is not threatening anyone. *See Davis v.*

*City of Albia*, 434 F. Supp. 2d 692, 707 (S.D. Iowa 2006).

83.     It is clearly established that it is unconstitutional for law enforcement to use more than de minimis force against individuals who are not actively resisting arrest or posing a threat to officer safety. *See Small v. McCrystal*, 708 F.3d 997, 1005-1006 (2013). Scrapes, cuts, abrasions, bruising, and soft tissue injuries are excessive and more than de minimis force. *See id.* Ms. Nicolai sustained severe and permanent injuries which are more than de minimis and outlined previously in this Petition

84.     It is clearly established that it is unconstitutional to arrest and charge an individual without probable cause. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 478 (8th Cir. 2010).

85.     It is clearly established that it is unconstitutional for law enforcement to retaliate against a citizen for that citizen's exercise of her First Amendment rights. *Osborne v. Grussing*, 477 F.3d 1002, 1005 (8th Cir. 2007)

86.     It is clearly established that an officer is not excused for violating someone's constitutional rights simply because the officer is following orders. *J.H.H. v. O'Hara*, 878 F.2d 240, 245 n.4 (8th Cir. 1989).

### CAUSES OF ACTION

### COUNT 1
### ILLEGAL SEIZURE
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
### VIOLATION OF 4th AMENDMENT TO THE UNITED STATES CONSTITUTION
#### (Against Luke Hastie and Chad Nicolino and other unidentified officers)

87.     Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

88.     Defendants violated Plaintiff's clearly established federal constitutional rights by seizing Plaintiff without reasonable suspicion or probable cause to do so and by charging Plaintiff

with crimes without probable cause.

89.     Defendants demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

90.     Defendants' actions were willful, wanton, unlawful, and in gross disregard of Ms. Nicolai's civil rights, justifying an award of punitive damages.

91.     As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

**COUNT 2**
**ILLEGAL SEIZURE**
**CIVIL RIGHTS VIOLATION OF ARTICLE I, § 8 OF THE IOWA CONSTITUTION**
**(Against Luke Hastie and Chad Nicolino and other unidentified officers)**

92.     Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

93.     Defendants violated Plaintiff's clearly established constitutional rights by seizing Plaintiff without reasonable suspicion or probable cause to do so and by charging Plaintiff with crimes without probable cause.

94.     Defendants demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

95.     Defendants' actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

96.     Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of her constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

97.     As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

## COUNT 3
### EXCESSIVE FORCE
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
### VIOLATION OF 4th AMENDMENT TO THE UNITED STATES CONSTITUTION
#### (Against Luke Hastie and Chad Nicolino and other unidentified officers)

98.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

99.    The force used by Defendants was excessive and applied maliciously, tyrannically, and sadistically for the purpose of causing harm and not in a good faith effort to achieve a legitimate purpose.

100.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

101.    Defendants demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

102.    Defendants' actions were willful, wanton, unlawful, and in gross disregard of Ms. Nicolai's civil rights, justifying an award of punitive damages.

103.    As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

## COUNT 4
### EXCESSIVE FORCE
### CIVIL RIGHTS VIOLATION OF ARTICLE I, § 8 OF THE IOWA CONSTITUTION
#### (Against Luke Hastie and Chad Nicolino and other unidentified officers)

104.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

105.    The force used by Defendants was excessive and applied maliciously, tyrannically, and sadistically for the purpose of causing harm and not in a good faith effort to achieve a legitimate purpose.

106.    Defendants demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

107.    Defendants' actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

108.    Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of her constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

109.    As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

**COUNT 5**
**RETALIATION**
**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983**
**VIOLATION OF 1st AMENDMENT TO THE UNITED STATES CONSTITUTION**
**(Against Luke Hastie and Chad Nicolino and other unidentified officers)**

110.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

111.    Ms. Nicolai was exercising her First Amendment rights.

112.    Defendants violated Ms. Nicolai's clearly established federal constitutional rights by pepper-spraying her, slamming her to the ground, beating her, arresting her, and charging her with crimes in retaliation for her exercise of her First Amendment rights.

113.    Retaliation was a substantial or motivating factor for Defendants' decision to pepper-spray, assault, arrest, and criminally charge Ms. Nicolai.

114.    Defendants would not have pepper-sprayed, assaulted, arrested, and criminally charged Ms. Nicolai but for their retaliatory motive.

115.    Similarly situated individuals who were not engaged in the same sort of protected

activity as Ms. Nicolai were not pepper-sprayed, assaulted, arrested, and criminally charged.

116.    Defendants demonstrated a deliberate indifference to and reckless disregard of Ms. Nicolai's civil and constitutional rights.

117.    Defendants' actions were willful, wanton, unlawful, and in gross disregard of Ms. Nicolai's civil rights, justifying an award of punitive damages.

118.    As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

### COUNT 6
### RETALIATION
### CIVIL RIGHTS VIOLATION OF ARTICLE I, § 7 OF THE IOWA CONSTITUTION
#### (Against Luke Hastie and Chad Nicolino and other unidentified officers)

119.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

120.    Ms. Nicolai was exercising her article I, § 7 rights by assembling with her fellow citizens and engaging in political speech.

121.    Defendants violated Ms. Nicolai's clearly established state constitutional rights by pepper-spraying her, slamming her to the ground, beating her, arresting her, and charging her with crimes in retaliation for her exercise of her article I, § 7 rights.

122.    Retaliation was a substantial or motivating factor for Defendants' decision to pepper-spray, assault, arrest, and criminally charge Ms. Nicolai.

123.    Defendants would not have pepper-sprayed, assaulted, arrested, and criminally charged Ms. Nicolai with pepper spray but for their retaliatory motive.

124.    Similarly situated individuals who were not engaged in the same sort of protected activity as Ms. Nicolai were not pepper-sprayed, assaulted, arrested, and criminally charged.

125.    Defendants demonstrated a deliberate indifference to and reckless disregard of Ms.

Nicolai's civil and constitutional rights.

126.     Defendants' actions were willful, wanton, unlawful, and in gross disregard of Ms. Nicolai's civil rights, justifying an award of punitive damages.

127.     Ms. Nicolai hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of her constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

128.     As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

**COUNT 7**
**DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING AND SUPERVISION**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983**
**VIOLATION OF 1st, 4th, 5th & 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**(Against Dana Wingert and City of Des Moines, Iowa)**

129.     Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

130.     Defendants Wingert and City of Des Moines, Iowa are persons for the purposes of a Section 1983 action for damages.

131.     Defendants Wingert and City of Des Moines, Iowa are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns, practices, and/or customs of the Des Moines Police Department for use of pepper spray and use of force, generally.

132.     Defendant City of Des Moines, Iowa is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

133.     As Chief of Police, Defendant Wingert is ultimately responsible for the training and supervision of his officers.

134.   Defendants violated Plaintiff's federal constitutional rights by:

a.   permitting City of Des Moines police officers to violate the constitutional rights of citizens;

b.   ratifying and approving the unlawful use of force against citizens;

c.   failing to enforce and implement policies preventing the unlawful use of force against citizens;

d.   tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

e.   failing to adopt and enforce policies to document citizen interactions that do not result in arrest or citation;

f.   failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

g.   failing to take adequate disciplinary measures against City of Des Moines police officers who violate the civil rights of citizens;

h.   failing to train and/or supervise properly officers in the constitutional requirements for use of force and the necessity of probable cause for arrest;

i.   failing to implement adequate maintenance training and properly focused maintenance training.

135.   Defendants' policies, procedures, customs, and/or practices caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

136.   The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendants' training and supervision was likely to result in the violation of constitutional rights.

137.   Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's constitutional rights and those similarly situated to them.

138.   Defendants' failure to train and supervise Defendants caused the violations of Plaintiffs' constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives

139.   As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

### COUNT 8
### DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING AND SUPERVISION
### CIVIL RIGHTS VIOLATION PURSUANT TO ARTICLE I, §§ 6, 7 & 8 OF THE IOWA CONSTITUTION
### (Against Dana Wingert and City of Des Moines, Iowa)

140.   Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

141.   Defendants Wingert and City of Des Moines, Iowa are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns, practices, and/or customs of the Des Moines Police Department for use of pepper spray and use of force, generally.

142.   Defendant City of Des Moines, Iowa is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

143.   As Chief of Police, Defendant Wingert is ultimately responsible for the training and supervision of his officers.

144.   Defendants violated Plaintiff's state constitutional rights by:

a.   permitting City of Des Moines police officers to violate the constitutional rights of citizens;

b.   ratifying and approving the unlawful use of force against citizens;

c.   failing to enforce and implement policies preventing the unlawful use of force against citizens;

    d.   tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

    e.   failing to adopt and enforce policies to document citizen interactions that do not result in arrest or citation;

    f.   failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

    g.   failing to take adequate disciplinary measures against City of Des Moines police officers who violate the civil rights of citizens;

    h.   failing to train and/or supervise properly officers in the constitutional requirements for use of force and the necessity of probable cause for arrest;

    i.   failing to implement adequate maintenance training and properly focused maintenance training.

145.    Defendants' policies, procedures, customs, and/or practices caused the violations of Plaintiff's constitutional rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

146.    The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendants' training and supervision was likely to result in the violation of constitutional rights.

147.    Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's constitutional rights and those similarly situated to them.

148.    Defendants' failure to train and supervise Defendants caused the violations of Plaintiff's constitutional rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

149.    Plaintiff hereby requests reasonable attorney fees and costs associated with

prosecuting this action as Defendants' violation of their constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

150.     As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

## COUNT 9
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Luke Hastie and Chad Nicolino and other unidentified officers)

151.     Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

152.     Defendants repeatedly pepper-sprayed, slammed her to the ground, and caused injuries to Plaintiff.

153.     There was no legitimate justification for Defendants' use of force against Plaintiff.

154.     The conduct of Defendants was outrageous.

155.     Defendants intentionally caused or recklessly disregarded the probability of causing emotional distress to Ms. Nicolai.

156.     Ms. Nicolai suffered severe or extreme emotional distress because of Defendants' actions.

157.     As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

## COUNT 10
## MALICIOUS PROSECUTION
### (Against Luke Hastie and Chad Nicolino and other unidentified officers)

158.     Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

159.     Defendants instigated a criminal prosecution against Plaintiff.

160.    The criminal prosecution against Plaintiff was dismissed.

161.    There was no probable cause for the charge against Plaintiff.

162.    Defendants acted with malice in initiating the prosecution against Plaintiff.

163.    Upon information and belief, Defendants were overheard questioning the charging decisions as being unfounded.

164.    As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

**COUNT 11**
**FALSE ARREST / IMPRISONMENT**
**(Against Luke Hastie and Chad Nicolino and other unidentified officers)**

165.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

166.    Defendants detained Plaintiff against her will.

167.    The detention of Plaintiff was unlawful.

168.    As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

**COUNT 12**
**LIBEL**
**(Against Luke Hastie and Chad Nicolino and other unidentified officers)**

169.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

170.    Defendants published a statement falsely stating that Ms. Nicolai committed crimes.

171.    Ms. Nicolai committed no crime and there was no probable cause for the charges against Ms. Nicolai.

E-FILED  2021 JAN 04 1:17 PM POLK - CLERK OF DISTRICT COURT

172.     Defendants' statements were libelous per se.

173.     Defendants' false statements injured Ms. Nicolai.

174.     As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

### COUNT 13
### ASSAULT AND BATTERY
### (Against Luke Hastie and Chad Nicolino and other unidentified officers)

175.     Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

176.     Defendants subjected Ms. Nicolai to contact of an insulting and provoking nature.

177.     The actions of Defendants were undertaken without the consent of Ms. Nicolai.

178.     The intentional acts of Defendants resulted in bodily contact with Ms. Nicolai that a reasonable person would deem insulting or offensive.

179.     As a result of Defendants' acts and omissions, Ms. Nicolai has in the past and will in the future suffer injuries and damages.

### PRAYER FOR RELIEF

Plaintiff prays for Judgment against the aforementioned Defendants as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

b. Compensation for violation of her constitutional rights, mental anguish, and humiliation;

c. Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

d. Declaratory relief;

e. Injunctive relief;

f.   An award of pre-judgment interest;

g.   Punitive damages; and

h.   Any other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

Respectfully submitted,

Benjamin K. Lynch, AT0013089
The Law Offices of Benjamin K. Lynch, PLC
8550 Hickman Road
Clive, Iowa 50325
Telephone: (515) 276-3921
Email: ben@benlynchlaw.com
Website: www.benlynchlaw.com
**ATTORNEY FOR PLAINTIFF**

Original filed via EDMS.